BELAVAL, PLAINTIFF AND RESPONDENT, v. TODD, MAYOR OF SAN JUAN, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 1, in a *Mandamus* Proceeding.

Motion of the Respondent for Dismissal of the Appeal.

No. ——.—Decided November 16, 1914.

APPEAL—DISMISSAL OF APPEAL.—Rule 59, which is relied on in this case as authority for the motion for dismissal of the appeal, contains three fundamental grounds for the dismissal of an appeal; namely, that it has not been prosecuted by the appellant with due diligence, or in good faith, or that the appeal is frivolous. *Held:* That not one of these grounds has been shown clearly to exist in this case.

ID.—DILIGENCE—EXTENSION OF TIME—STATEMENT OF CASE.—Although the fact that the appellant did not ask for the stenographic notes until June 8, while the appeal was taken on May 24, 1914, and did not insist upon having them but waited until the month of September, when they were delivered, and did not file the statement of the case within the ample time allowed, but applied for a new extension of time in which to do so, reveals very little or no activity on the part of the appellant in the preparation of the appeal, these facts do not of themselves constitute absolute proof of the want of diligence required by rule 59 of this court in order to warrant the dismissal of an appeal on that ground alone.

ID.—INDEFINITE EXTENSION OF TIME.—When a motion for dismissal of an appeal
   is based on rule 59 of this court the question raised by the respondent that
   an extension of thirty days, counting from the delivery of the stenographic
   notes, is void because the time fixed is not specific, cannot be decided upon
   said motion.

The facts are stated in the opinion.

*Messrs. Horacio S. Belaval* and *Eduardo Acuña* for the respondent.

*Mr. Ramón Falcón* for the appellant.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The plaintiff-respondent, through his attorney, filed a motion in this court for dismissal of the appeal in accordance with the provision of rule 59 of this court, which reads as follows:

"After the expiration of ninety days from the time of the notice of the appeal, and even if any extension of time has been allowed by the court below, any case not previously filed in this court may, in the discretion of the court, be dismissed on motion if it be shown satisfactorily that the appellant has not prosecuted his appeal with due diligence or in good faith, or that the appeal is a frivolous one."

In the case of *Vega et al.* v. *Rodríguez* et al., 19 P. R. R., 952, this court construed the above rule as follows:

"The mere failure to present the transcript of the record in this court within 90 days after the filing of the notice of appeal is not sufficient to warrant the dismissal of the appeal by this court under rule 59. It must be shown besides that the appeal has not been prosecuted with due diligence or in good faith, or that it is frivolous." (Syllabus.)

From the record of the case presented for our consideration it appears that the appeal was taken on May 24, 1914; that on May 29, 1914, an extension of thirty days from the time of the delivery of the stenographic notes was solicited and granted for filing a bill of exceptions; that the trial court entered upon its vacation on June 1, 1914, which terminated on July 31, 1914; that the stenographic notes were delivered

to the appellant on September 8, 1914; that on October 2, 1914, the appellant moved for a further extension of thirty days and was granted an extension of fifteen days, counting from the eighth of said month; that on October 20, 1914, the appellant moved for another extension of ten days and was granted an extension of five days; that the respondent, who up to then had made no objection, filed a motion in the trial court on October 26, 1914, asking the court to reconsider its former orders and set aside the first and following extensions of time granted the appellant. The said motion having been argued before the trial court, it was overruled on October 28, 1914. It also appears from the record that the defendant-appellant did not apply to the stenographer for the notes taken by him at the trial until June 8, 1914.

The party who filed the motion under consideration has not even attempted to show that the appeal taken in this case is frivolous. His contention is based on lack of diligence and perhaps on the bad faith of the appellant. As regards bad faith, there is no proof whatever; and with respect to lack of diligence, although the fact that the appellant did not ask for the stenographic notes until June 8 and did not insist upon the delivery of them but waited until the month of September, when they were delivered, and did not file the statement of the case within the ample period allowed but applied for a new extension of time in which to do so, really reveals very little or no activity on the part of the appellant in the preparation of the appeal, these acts do not constitute absolute proof of want of diligence, as required by the Rules of this court, so that this fact alone may serve as a basis for dismissing an appeal without considering it on its merits, especially considering the fact that when the case was submitted to the trial court, which undoubtedly was in a better position than we are to pass upon the same, it was decided against the plaintiff.

In his motion and in his brief in support thereof the plaintiff-respondent raises and argues an important point of law

to the effect that, in his opinion, the extension of time of thirty days granted to the appellant by the district court, to be counted from the time of the delivery of the stenographic notes, is void because the period fixed is not definite.

In view of the terms in which the motion for dismissal of the appeal has been presented the question referred to in the preceding paragraph cannot be considered or decided.

Rule 59, which is relied on, establishes three fundamental grounds for the dismissal of an appeal, namely, failure of the appellant to prosecute the same with due diligence, or in good faith, or when the appeal is frivolous. We have already seen that not one of these grounds has been shown conclusively to exist in this case.

If, in accordance with the contention of the mover, it should be held that the extension of time of thirty days, counting from the time of the delivery of the stenographic notes was void, then we should be forced to the conclusion that there was no statement of the case that could be considered validly by this court in this appeal and not that the appellant had failed to prosecute the appeal with due diligence or in good faith, and, therefore, the legal status of the case would be entirely different.

Therefore, confining ourselves to a consideration of the question as presented, we are of the opinion that the motion of the plaintiff-respondent for dismissal of the appeal should be overruled, without prejudice to such rights as he may possess.

*Motion overruled without prejudice to the rights of the mover.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Chief Justice Hernández did not sit at the hearing on this motion.